**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

CASE NO. 3:18-cv-978-J-34JRK

ERWIN MAITEN,

Plaintiff,

vs.

CLARA WHITE MISSION, INC.

Defendant.

_____/

## COMPLAINT

Plaintiff, ERWIN MAITEN, alleges:

1.      This is a civil rights complaint for declaratory and any other appropriate relief brought by Plaintiff, ERWIN MAITEN, a United States citizen, appearing *pro se*.  Plaintiff brings this Complaint for violation of his individual rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C., Sections 2000e-2 to 2000e-17, and Title I of the Americans with Disabilities Act (ADA) 42 U.S.C. (Sections 12111, 12112, 12117 & 12203), the powers, remedies, and procedures set forth in Title VII.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction specifically conferred upon this U.S. District Court by the aforementioned statutes, as well as 28 USC, Section.

3.      Venue is proper in this judicial district under 42 U.S.C.,  Section 2000e-5(f) and 28 USC, Sections 1331, 1343.

4.      CLARA WHITE MISSION is a corporation doing business in the City of Jacksonville, Duval County, Florida.

1

5.     Plaintiff is a citizen in Jacksonville, Duval County, Florida and the United States.

## FACTUAL ALLEGATIONS

6.     Plaintiff alleges that the employment relationship that gave rise to the allegations set forth herein were entered into in Florida and that the subject of said employment relationship was performed in Jacksonville, Duval County, Florida.

7.     During the course of her employment with Defendant, Plaintiff performed each and every condition and covenant required on his part to be performed pursuant to Defendant's standards and was continuously employed by Defendant from October, 2002, until July 18, 2017, in various capacities, more recently as Director of Residential Services & Manager of V.A./Resident Drop-in & Fleet Services.

8. Ms. Pittman has routinely criticized, intimidated, harassed, demoted, staff who do not agree with her to the point of even firing them without due consideration all without compliance of the Employee Personnel Manual.  **(See attached Exhibit "1")**

9. On or around November, 2016, during a Veterans Administration inspection, Plaintiff responded to the Inspector's question regarding the contents of a refrigerator that resulted in a rule violation of co-mingling food and medicines in the same receptacle.  Ms. Pittman was upset that the Plaintiff divulged that information.

10. As a result of this incident, Plaintiff was unjustly demoted from Director of V.A. & Residential Services to Manager of V.A./Resident Drop-In and Fleet Services.

11. In spite of the demotion, Plaintiff was still responsible for maintaining the duties of BOTH positions, but only being paid for one position.

12. Plaintiff's wages were already not comparable to White and/or younger employees.

2

13. Unlike a former employee, Kevin Carrico, Vice President of Operations, who happens to be White, was paid $60,000 to be the Property Manager at Beaver Street Villas IN ADDITION to retaining his Vice President position and salary.

14. This occurred during the same time period Plaintiff was passed over for the Vice President of Operations position vacated by Mr. Carrico. Ms. Pittman chose to promote the Janitorial Instructor, SHARON WRIGHT, a previous Board member with no quantifiable expertise and less seniority to be his direct supervisor. Plaintiff also overheard Ms. Pittman stating that she was creating a "Girls Club" administration where upper management would be all female.

15. Plaintiff is a 57 year old African-American male with 14 years seniority. Plaintiff's Resume' clearly shows that he have the expertise and knowledge to fill this position. **(See Exhibit "2")**

16. After Plaintiff complained to Ms. Pittman about what Plaintiff considered an unjust decision, she used his disability against him in his evaluation. Plaintiff was issued a Performance Improvement Plan (PIP) for inconsistency and disciplined unfairly. **(See Exhibit "3")**

17. Since Plaintiff's employment, he had always performed above and beyond the norm as evidenced by previous evaluations and emails. The low marks Plaintiff received for performance appraisal amounts to character assassination and slander. **(See attached Exhibit "4")**

18. Plaintiff believes that his abrupt termination was in direct contradiction to the ADA of 1990, Section 12111 which prohibits discrimination against individuals with disabilities in all

3

areas of public life, including jobs, schools, transportation, and all public and private places that are open to the public.

19. Since approximately 2014, the Defendant has accepted my reasonable accommodations request for an I-PAD to assist his memory issues thereby allowing him to perform his duties satisfactorily without any issues. **(See attached Exhibit "5")**

20. According to the attached excerpt from the Personnel Manual, employees are given days to exhibit improvement in the alledged designated areas. The Plaintiff was not given this opportunity.

21. After Plaintiff voiced concern regarding the evaluation, he was terminated on July 28, 2017, without the proper 90-day disciplinary procedure. **(See attached Exhibit "6")**

22. Additionally, Plaintiff was also not compensated $2,400 for unpaid wages when the pay period was switched from weekly to bi-monthly as evidenced by the attached W-2 forms. **(See attached Exhibit "7")**

23. Due to Ms. Pittman's years of disparaging and discriminatory abuse of power, Plaintiff has experienced increased anxiety that has aggravated his post-traumatic stress disorder (PTSD).

24. During the time Ms. Pittman was campaigning for Jacksonville City Council At Large, she consistently used both the Mission facility ad staff during work hours to promote her campaign. Staff was encouraged and expected to make monetary donations to her campaign.

25. Plaintiff was directed to clean up campaign headquarters and coordinate all of Ms. Pittman's campaign signs/banners. After the election, Plaintiff and other staff had to retrieve all signage. Again, during work hours.

26. Plaintiff and other staff were routinely directed to move Ms. Pittman's personal household furniture and belongings to the Mission to store her personal items. Again during work hours causing additional wear and tear on his knees. He required knee surgery and was ordered to avoid heavy lifting.

27. Plaintiff endures additional stress when he is reprimanded for all traffic/parking infractions, damages and accidents incurred by staff using Mission vehicles, including those Ms. Pittman allowed staff to keep for their personal use. Contrary to the Employee Personnel Manual, all employees are responsible for the items listed above. **(See attached Exhibit "1")**

28. Plaintiff had the additional responsibility of maintaining a house owned by Ms. Pittman that she listed as a Mission asset. All maintenance and upgrades were paid out of the Mission's budget. The house is actually leased to the Mission, thereby giving her a financial enrichment despite the conflict of interest. **(See attached Exhibit "8")**

29. All staff is required to work on the Farm Fresh Produce property in addition to their routine duties. On weekends, staff has to be responsible for working and purchasing the produce to sell at the Farm and offered 1 day off comp time in exchange for such.

## FIRST CAUSE OF ACTION

### (Violation of Section 2000e-2 to 2000e-3)

8. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 7 of this Complaint as set forth herein.

5

9.    On July 28, 2017, Plaintiff was terminated alledgedly inconsistency with communication and follow through on job responsibility and performance. However, I was never given any verbal warnings, reprimands or written warnings prior to the termination.

10.    On September, 2017, Plaintiff filed discrimination charges against Defendant with the Equal Employment Opportunity Commission. **(See attached Exhibit "9")**

11.    Plaintiff believes this termination was in fact retaliation for Plaintiff's comments during a Veterans Administration Inspection in November, 2016.

12.    Plaintiff believes, and on that basis, alleges that his termination was not based on any legitimate employment reason. Plaintiff further alleges that his discharge was wrongful and arose as a direct result of, and in retaliation for truthful comments made during the aforementioned VA Inspection. Furthermore, the termination of Plaintiff's employment was in direct violation of 42 U.S.C., Sec 2000e-2000e-17; and Title I of the Americans with Disabilities Act (ADA), 42 USC, Section 12111, 12112, 12117 and 12203.

13.    As a direct, foreseeable and proximate result of defendant's wrongful acts, Plaintiff has suffered and continues to suffer substantial loss of earnings, employment benefits, emotional distress and discomfort, all of this damage in amount according to proof.

14.    The acts of Defendant's agent, **Ju'COBY PITTMAN** , President/CEO, as herein before described were committed maliciously, fraudulently or oppressively with the intent of injuring Plaintiff and/or with a willful and conscious disregard of Plaintiff's right to work in an environment free from retaliation and mental anguish. Because these acts were carried out by management in a deliberate and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

## SECOND CAUSE OF ACION

### (Violation of ADA, Section 12112)

15.    Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 7 of this Complaint, as well as Plaintiff's First Cause of Action as if fully set forth herein.

16.    The wrongful termination of Plaintiff from his employment with Defendant as alleged herein, constitutes a violation of ADA Section 12112 which prohibits an employer from discharging an employee after agreeing to make reasonable accommodation for his disability.

17.    As a direct, foreseeable and proximate result of Defendant's wrongful acts, Plaintiff has been damaged in a manner and amount within the jurisdictional limits of this court, and as more specifically set forth in the Prayer of this Complaint.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

18.    Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 5 of this Complaint, as well as Plaintiff's First and Second Causes of Action as if fully set forth herein.

19.    Defendant, acting on their own, and through their agents and employees, engaged in the acts heretofore described deliberately and intentionally in order to cause Plaintiff severe emotional distress; alternative, Plaintiff alleges that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiff severe emotional distress.

7

20.    The foregoing conduct did, in fact, cause plaintiff to suffer extreme and severe emotional distress.  As a proximate result of said conduct, Plaintiff has suffered  anxiety, humiliation, and emotional distress in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

21.    Defendant's acts as herein before described were committed maliciously, fraudulently or oppressively with the intent of injuring Plaintiff, and/or with a willful and conscious disregard of Plaintiff's right to work in an environment free from discrimination and ADA violations.  Because these acts were carried out by management in a despicable, deliberate and intentional manner, plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

WHEREFORE, based on the foregoing, Plaintiff prays for relief against Defendant, and each of them, as follows:

## FIRST CAUSE OF ACTION

1.  For special damages including lost wages, lost employee benefits, vacation benefits, and general damages in an amount in excess of the minimum jurisdictional limits of this court;

2.  For punitive damages in a sum sufficient to deter; and

3.  For court costs and legal fees allowable by law;

## SECOND CAUSE OF ACTION

4.    For special damages including lost wages, unpaid wages, lost employee benefits and vacation benefits.

8

## THIRD CAUSE OF ACTION

5. Special damages including lost wages, lost employee benefits, vacation benefits, and general damages in an amount in excess of the minimum jurisdictional limits of this court; and

6. For punitive damages in a sum sufficient to deter;

## AS TO ALL CAUSES OF ACTION

7. For costs of suit incurred, if any;

8. For prejudgment interest; and

9. For such other and further relief as this court may deem just and proper, including any possible attorney's fees as authorized by law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: _8 - 9 - 18_

_____
ERWIN MAITEN
**3115 Hidden Lake Cove**
**Middleburg, FL  32068**
**(904) 874-4406**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Ju'Coby Pittman, President/CEO, Clara White Mission, Inc., 613 W. Ashley Street, Jacksonville, Florida 32202, by U.S. mail this, Summons  9  day of  Aug  , 2018.

_____
ERWIN MAITEN

9